EAS                                                                                                  Our File No. 5439-25468

**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| CLARENDON NATIONAL INSURANCE COMPANY, | ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No. |
| MARIA MEDINA, GUILLERMO MEDINA, TOWN TRUCKING COMPANY, JERRY SCHULMAN and MARY FALAT-SCHULMAN, Co-Administrators of the Estate of MICHAEL WALTER SCHULMAN, Deceased, | ) ) ) ) ) ) ) ) | FILED: JULY 25, 2008      LI 08CV4245 JUDGE   KENDALL MAGISTRATE   JUDGE MASON |
| Defendants. | ) ) | |

**COMPLAINT**
**FOR DECLARATORY JUDGMENT**

Plaintiff, Clarendon National Insurance Company by its attorneys, Dowd & Dowd, Inc. and Schindel, Farman, Lipsius, Gardner & Rabinovich LLP, alleges as follows:

**THE PARTIES**

1.   Plaintiff, Clarendon National Insurance Company ("Clarendon") is a New Jersey corporation with its principal place of business in the State of New York.

2.   Upon information and belief, Town Trucking Company is an Illinois corporation with its principal place of business in Illinois.

3.   Upon information and belief, Maria Medina is a citizen of the State of Illinois.

4.   Upon information and belief, Guillermo Medina is a citizen of the State of Illinois.

5.   Upon information and belief, Jerry Schulman is a citizen of the State of Illinois

6.   Upon information and belief, Mary Falat-Schulman is a citizen of the State of Illinois.

7. Upon information and belief, at the time of his death, Michael Walter Schulman was a citizen of the State of Illinois.

## JURISDICTION AND VENUE

8. The amount in controversy exceeds, exclusive of costs and interest, the sum of $75,000.

9. Inasmuch as the Plaintiff is a citizen of the States of New York and New Jersey, and Defendants are, or at all times relevant herein were citizens of the States of Illinois, the jurisdiction of this Court is founded upon 28 U.S.C. § 1332 and 28 U.S.C. § 2201.

10. Venue is appropriate in this forum pursuant to 28 U.S.C. § 1391(a) and (c), in that the facts and circumstances surrounding the instant claim at issue occurred within the Northern District of Illinois.

## BACKGROUND INFORMATION

**The Policy**

11. Clarendon issued policy number MBA 004720 to Guillermo Medina effective March 15, 2006 to March 15, 2007 (the "Clarendon Policy").

12. The Clarendon Policy provided automobile liability coverage to Guillermo Medina for "specifically described 'autos'" but "[o]nly the 'autos' described in Item Three of the Declaration.

13. Item Three of the Declaration is titled "Schedule of Covered Autos You Own."

14. In the grid below the title is the following phrase:

> SEE ATTACHED SCHEDULE

15. The Policy contains a schedule titled "Schedule of Autos You Own."

16. One vehicle, a 1998 Volvo, is listed in that Schedule.

17. The Clarendon Policy contains an endorsement titled "Truckers-Insurance for Non-Trucking Use" (the "Non-Trucking Endorsement").

18. The Non-Trucking Endorsement provides as follows:

Description of covered "auto":

    1998 Volvo 754742

(If no entry appears above, information required to complete this endorsement will be shown in the Declarations.)

LIABILITY COVERAGE for a covered "auto" described in the Schedule is changed as follows:

1. The following exclusions are added:

    This insurance does not apply to:

    a. A covered "auto" while used to carry property in any business.

    b. A covered "auto" while in the business of anyone to whom the "auto" is rented.

2. Who Is An Insured does not include anyone engaged in the business of transporting property by "auto" for hire who is liable for your conduct.

19. The Clarendon Policy provides as follows:

    2. Duties In The Event Of Accident, Claim, Suit Or Loss

We have no duty to provide coverage under this policy unless there has been full compliance with the following duties:

a. In the event of "accident", claim, "suit" or "loss" , you must give us or our authorized representative prompt notice of the accident or "loss". Include:

    (1) How, when and where the "accident" or "loss" occurred;

    (2) The "insured's" name and address; and

    (3) To the extent possible, the names and addresses of any injured persons and witnesses.

      b.      Additionally, you and any other involved "insured" must:

            (1) Assume no obligation, make no payment or incur no expense without our consent, except at the "insured's" own cost.

            (2) Immediately send us copies of any request, demand, order, notice, summons or legal paper received concerning the claim or "suit".

**The Accident**

20.    On or about November 28, 2006, a 1998 Volvo, allegedly registered to Maria Medina, was involved in an accident (the "Accident").

21.    It has been alleged that Michael Walter Schulman died as a result of injuries sustained in the Accident.

22.    At the time of the Accident, the 1998 Volvo was being driven by Guillermo Medina.

23.    At the time of the Accident, the 1998 Volvo was rented to Town Trucking Company.

24.    At the time of the Accident, the 1998 Volvo was in the business of Town Trucking Company.

25.    At the time of the Accident, the 1998 Volvo was en route to pick up a shipment on behalf of Town Trucking, following delivery of a prior shipment on behalf of Town Trucking Company.

26.    At the time of the Accident, the Volvo was being used in the business of Town Trucking Company.

27.    At the time of the Accident, Town Trucking was a motor carrier licensed by the U.S. Department of Transportation.

28. At the time of the Accident, Town Trucking Company was a motor carrier licensed by the Illinois Commerce Commission.

**The Claim**

29. Claim was asserted against Town Trucking Company, Maria Medina and Guillermo Medina.

30. Upon information and belief, said claim was asserted shortly after the Accident.

31. In January 2007 a suit was commenced in the Circuit Court of Cook County Illinois by Jerry Schulman and Mary-Falat Schulman against Guillermo Medina, Maria Medina and Town Trucking Company captioned *Jerry Schulman and Mary Falat-Schulman, Co-Administrators of the Estate of Michael Walter Schulman, Deceased against Guillermo Medina, Maria E. Medina, Town Trucking Company, an Illinois Corporation*, Docket No. 07 L 158 (the "Suit").

32. The defense of the Suit was tendered to the insurer of Town Trucking Company.

33. Defense of the Suit was never tendered to Clarendon.

34. To date, defense of the Suit has not been tendered to Clarendon.

35. Clarendon's first notice of the Suit was a year and a half after the Accident.

36. Clarendon's first notice of the Accident was a year and a half after the Accident.

37. Clarendon's first notice of the claim was 16 months after it was commenced.

38. Clarendon's first notice of the Suit was 16 months after commencement of the Suit.

## FIRST CAUSE OF ACTION

39. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs 1 through 38 as if set forth at length herein.

40. The Clarendon Policy provided coverage for a 1998 Volvo owned by Guillermo Medina.

41. It is alleged that Guillermo Medina did not own the 1998 Volvo involved in the Accident.

42. If Guillermo Medina did not own the 1998 Volvo, the Clarendon Policy does not provide coverage.

43. Clarendon is entitled to a declaration that the Clarendon Policy does not provide coverage for the liability of Town Trucking Company, Guillermo Medina and Maria Medina.

## SECOND CAUSE OF ACTION

44. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs 1 through 38 as if set forth at length herein.

45. The 1998 Volvo at the time of the Accident, as a matter of law, was rented to Town Trucking Company.

46. The 1998 Volvo at the time of the Accident was in the business of Town Trucking Company.

47. The Clarendon Policy does not provide coverage as it "does not apply to … a covered 'auto' while in the business of anyone to whom the 'auto' is rented."

48. Clarendon is entitled to a declaration that the Clarendon Policy does not provide coverage for the liability of Town Trucking Company, Guillermo Medina and Maria Medina.

## THIRD CAUSE OF ACTION

49. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs 1 through 38 as if set forth at length herein.

50. The 1998 Volvo at the time of the Accident, as a matter of law, was rented to Town Trucking Company.

51.     The 1998 Volvo at the time of the Accident was in the business of Town Trucking Company.

52.     The Clarendon Policy does not provide coverage as it "does not apply to … a covered 'auto' while in the business of anyone to whom the 'auto' is rented."

53.     Clarendon is entitled to a declaration that the Clarendon Policy does not provide coverage for the liability of Town Trucking Company, Guillermo Medina and Maria Medina.

54.     Clarendon suffered prejudice as a result of the late notice.

## FOURTH CAUSE OF ACTION

55.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs 1 through 38 as if set forth at length herein.

56.     The Clarendon Policy required that it be given prompt notice of the Accident.

57.     Clarendon was not given prompt notice of the Accident.

58.     The Clarendon Policy does not provide coverage as the terms of the Policy were violated.

59.     Clarendon is entitled to a declaration that the Clarendon Policy does not provide coverage for the liability of Town Trucking Company, Guillermo Medina and Maria Medina.

## FIFTH CAUSE OF ACTION

60.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs 1 through 38 as if set forth at length herein.

61.     The Clarendon Policy required that it be given prompt notice of the Accident.

62.     Clarendon was not given prompt notice of the Accident.

63.     The Clarendon Policy does not provide coverage as the terms of the Policy were violated.

64. Clarendon is entitled to a declaration that the Clarendon Policy does not provide coverage for the liability of Town Trucking Company, Guillermo Medina and Maria Medina.

65. Clarendon suffered prejudice as a result of the late notice.

## SIXTH CAUSE OF ACTION

66. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs 1 through 38 as if set forth at length herein.

67. The Clarendon Policy required that copies of any suit or legal paper be sent immediately to Clarendon.

68. Copies of suit were not sent to Clarendon by Town Trucking Company, Guillermo Medina or Maria Medina.

69. The Clarendon Policy does not provide coverage as the terms of the Clarendon Policy were violated.

70. Clarendon is entitled to a declaration that the Clarendon Policy does not provide coverage for the liability of Town Trucking Company, Guillermo Medina and Maria Medina.

## SEVENTH CAUSE OF ACTION

71. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs 1 through 38 as if set forth at length herein.

72. Town Trucking Company, Guillermo Medina and Maria Medina tendered their defenses and indemnity of the Schulman claim to Occidental Fire and Casualty Company.

73. Pursuant to the "selective tender" rule, Clarendon is relieved of any obligation to Town Trucking Company, Guillermo Medina and Maria Medina.

74. Clarendon is entitled to a declaration that the Clarendon Policy does not provide coverage for the liability of Town Trucking Company, Guillermo Medina and Maria Medina.

**WHEREFORE**, plaintiff Clarendon National Insurance Company, respectfully requests:

(1) That the Clarendon Policy does not provide for the defense of Town Trucking Company, Guillermo Medina and Maria Medina in the Schulman Action;

(2) That the Clarendon Policy does not provide for the indemnification of Town Trucking Company, Guillermo Medina and Maria Medina for their liability, if any, to Jerry Schulman and Mary Falat-Schulman arising from the Accident.

(3) Attorneys' fees, costs and disbursements; and

(4) Such other and further relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiff hereby demands a trial by jury.

Dated: July 25, 2008

By:　/s/ Edmund A. Stephan, III_____
　　　Attorneys for Plaintiff,
　　　CLARENDON NATIONAL
　　　INSURANCE COMPANY
　　　Patrick C. Dowd (# 6190189)
　　　Edmund A. Stephan, III (#6231315)
　　　DOWD & DOWD, LTD
　　　671 West Fulton Street
　　　Chicago, IL 60661
　　　312-704-4400

　　　Ira S. Lipsius
　　　SCHINDEL, FARMAN, LIPSIUS,
　　　GARDNER & RABINOVICH LLP
　　　14 Penn Plaza, Suite 500
　　　New York, New York 10122
　　　(212) 563-1710

　　　Motion for Admission
　　　*pro hac vice* to be filed

9