Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Virginia M. Kendall | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 8 C 4245 | **DATE** | 9/1/2010 |
| **CASE TITLE** | Clarendon National Insurance Company vs. Medina et al | | |

**DOCKET ENTRY TEXT**

For the following reasons, Clarendon is awarded costs in the total amount of $873.10.

■[ For further details see text below.]   Docketing to mail notices.

## STATEMENT

    Plaintiff Clarendon National Insurance Co., ("Clarendon") brought this action for a declaratory judgment regarding its insurance liability coverage for a wrongful death claim. On March 19, 2010, the Court entered judgment in favor of Clarendon and against all Defendants. Clarendon subsequently filed a Bill of Costs totaling $2,334.95, including $350 for fees of the Clerk, $450 for service of summons and subpoena, $408.10 for transcripts, $447.10 for photocopies, $5 for docket fees, and $674.75 for online research. Defendants Maria and Guillermo Medina ("the Medinas") filed certain objections to Clarendon's Bill of Costs. For the following reasons, Clarendon is awarded costs in the total amount of $873.10.

    Fed. R. Civ. P. 54(d)(1) entitles the prevailing party in a civil case to recover the costs of litigation, other than attorney's fees. This rule creates a "presumption in favor of a cost award" for statutorily authorized costs. *Cefalu v. Village of Elk Grove*, 211 F.3d 416, 427 (7th Cir. 2000). When assessing a bill of costs, a district court must ascertain whether a statute authorizes recovery of the costs and whether the amount is reasonable. *See id.* Recoverable costs include, but are not limited to, "[f]ees for the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case" and "fees for exemplification and copies of papers necessarily obtained for use in the case." *See* 28 U.S.C. § 1920.

    First, Clarendon seeks $5 for docket fees, and $350 for filing fees. These costs are expressly authorized by 28 U.S.C. § 1920 and therefore allowed here.

    Clarendon seeks to recover $450 for service of process, including summons sent both to Defendant Town Trucking, Inc. directly and to its registered agent as well as service to individual Defendants Maria and Guillermo Medina ("the Medinas"). The Medinas object to the dual service of Town Trucking and its agent, which Clarendon claims was necessary in order to avoid arguments concerning service of process and to allow for a quicker adjudication on the merits. Clarendon cites no specific evidence of any particular concern or any on-point

case law in support of its argument, however. Because Clarendon thus presents no sound basis for its concern that service of Town Trucking via its registered agent would have been insufficient, there was no reasonable basis for the dual service. The Court therefore sustains the Medinas' objection to the charge for service of summons on Town Trucking.

Although not raised as an objection to the Bill of Costs, the flat rate of $150 per service of summons that Clarendon seeks to charge the Medinas is improper. The prevailing party may recover fees for service of process at the hourly rates charged by the United States Marshals Service for such service. *See Collins v. Gorman*, 96 F.3d 1057, 1060 (7th Cir. 1996). By regulation effective November 12, 2008, the Marshals Service charges $55 per hour for service of process. *See* 28 C.F.R. § 0.114(a)(3). When an invoice fails to reflect the time spent effectuating service, courts typically award costs for one hour. *See, e.g., Fox v. Will County*, No. 04 C 7309, 2009 WL 723358, at *5 (N.D. Ill. Mar. 11, 2009) (Darrah, J.); *Denson v. Ne. Ill. Reg. Commuter R.R. Corp.*, No. 00 C 2984, 2003 WL 21506946, at *2 (N.D. Ill. Jun. 27, 2003) (Hart, J.). Therefore, because Clarendon's supporting affidavit does not reflect how much time the process server spent effectuating service of the summons, the Court awards costs for one hour for each allowed service, for a total of $110.

Clarendon seeks to recover $408.10 for transcript costs associated with the depositions of Maria and Guillermo Medina and Rosemary Pinciak. Expenses related to depositions are recoverable even if the depositions are not used as evidence at trial or in support of a summary judgment motion, as long as the prevailing party shows that the depositions were reasonably necessary to the case. *See Illinois v. Sangamo Const. Co.*, 657 F.2d 855, 867 (7th Cir. 1981). The Medinas have not objected to these costs, and the Court finds them to be reasonable and reasonably necessary to the litigation. Therefore, the Court awards $408.10 in transcript costs.

Clarendon seeks to recover $67.25 for a copy of the file in the underlying state court matter, and $379.85 for copies in preparation for depositions; the Medinas object to these copying costs. As with deposition transcripts, the prevailing party may recover the costs of photocopies that are reasonably necessary for use in the case. *See* 28 U.S.C. § 1920. Parties are "not required to submit a bill of costs containing a description so detailed as to make it impossible economically to recover photocopying costs." *Northbrook Excess & Surplus Ins. Co. v. Proctor & Gamble Co.*, 924 F.2d 633, 643 (7th Cir. 1990). Here, however, these bills were submitted without explanation as to what specific documents were copied, or why the copies were necessary for purposes the litigation in this Court. "Without such information, it is not possible to determine which copies were made for the court and opposing counsel and which were made solely for the purpose of attorney convenience." *Autozone, Inc. v. Strick*, No. 03 C 8152, 2010 WL 2365523, at *3 (N.D. Ill. Jun. 9, 2010.) (Darrah, J.). Moreover, Clarendon does not specify a cost billed per photocopied page. Without any evidence supporting the need for the photocopies billed here, and without any basis provided for the cost per page, Clarendon has not provided a sufficient record to allow the Court to determine which outside copying costs are properly recoverable. The Medinas' objection to the charging of photocopying costs is therefore sustained.

Lastly, Clarendon seeks to recover $674.75 for online research. In general, the expense of online research is "more akin to awards under attorneys fees provisions than under costs." *McIlveen v. Stone Container Corp.*, 910 F.2d 1581, 1584 (7th Cir. 1990); *see Tchemkou v. Mukasey*, 517 F.3d 506, 513 (7th Cir. 2008) ("costs of computerized legal research are recoverable as part of an attorney-fee award"); *Haroco v. Am. Nat'l Bank & Trust Co. of Chi.*, 38 F.3d 1429, 1440-41 (7th Cir. 1994) (same); *Vito & Nick's Inc. v. Barraco*, No. 05 C 2764, 2008 WL 2594347 at *6 (N.D. Ill. Oct. 10, 2008) (Nolan, M.J.); *Freedom Mortgage Corp. v. Burnham Mortgage, Inc.*, No. 03 C 6508, 2008 WL 2534162 at *2 (N.D. Ill. Oct. 3, 2008) (Cox, M.J.). To counter the clear weight of this authority, Clarendon relies upon *Little v. Mitsubishi Motors North America, Inc.*, 514 F.3d 699 (7th Cir. 2008), in support for his argument that online research should be recoverable as a cost. In *Little*, the Seventh Circuit,

| STATEMENT |
|---|
| without no analysis or discussion, allowed costs for computerized research under 28 U.S.C. § 1920. The Court finds this dicta non-controlling in light of the specific holding in *McIllveen* that computerized research qualifies as a fee, not a cost, and in light of the post-*Little* dicta in *Tchemkou* reiterating the attorney-fee rule. Therefore, the Court sustains the Medinas' objection to the charge of "online research" as an item in Clarendon's Bill of Costs.<br><br>     To summarize, Clarendon may recover the following costs: $350 for filing fees charged by the court Clerk, $5 for docket fees, $408.10 for transcripts, and $110 for service of summons and subpoena. Therefore, Clarendon is awarded $873.10. |